**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EASTLAND MUSIC GROUP, LLC** | ) | |
|     **a Florida Limited Liability Company,** | ) | |
| **and RAYNARLDO WHITTY** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | **No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIONSGATE ENTERTAINMENT, INC.,** | ) | **JURY TRIAL DEMANDED** |
|     **a Delaware Corporation,** | ) | |
| **SUMMIT ENTERTAINMENT, LLC** | ) | |
|     **a Delaware Limited Liability Company,** | ) | |
| **MANDATE PICTURES, LLC** | ) | |
|     **a Delaware Limited Liability Company,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Eastland Music Group and Raynarldo Whitty, by and through their undersigned attorneys, for its Complaint against Defendants Lionsgate Entertainment, Inc., Summit Entertainment, LLC, and Mandate Pictures, LLC, alleges as follows:

### NATURE OF THE ACTION

1. This is an action against Lionsgate Entertainment, Inc., Summit Entertainment, LLC, and Mandate Pictures, LLC (collectively, "LIONSGATE") for trademark infringement, unfair competition, unjust enrichment, and violations of the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.

## PARTIES

2. Plaintiff Eastland Music Group, LLC is a limited liability company organized under the laws of the State of Florida with a mailing address of 1116 Oakley Street, Jacksonville, Florida 32202.

3. Plaintiff Raynarldo Whitty ("WHITTY") is a citizen of the United States domiciled in Florida. WHITTY is the manager of Eastland Music Group. (Eastland Music Group and WHITTY will be collectively referred to as "EASTLAND").

4. Upon information and belief, Defendant Lionsgate Entertainment, Inc. is a corporation organized under the laws of the State of Delaware with a mailing address of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5. Upon information and belief, Defendant Summit Entertainment, LLC, is a limited liability company organized under the laws of the State of Delaware with a mailing address of Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Upon information and belief, Defendant Mandate Pictures, LLC, is a limited liability company organized under the laws of the State of Delaware with a mailing address of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338 because EASTLAND's claims arise under the laws of the United States. This Court has supplemental jurisdiction over EASTLAND's state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over Defendants due to their systematic and continuous business connections and contacts within Illinois.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction in, do business in, and have committed acts of infringement in this district and have systematic and continuous business connections and contacts with this district and the Defendants transact business in this district.

**FACTUAL BACKGROUND**

9.  EASTLAND began using the 50-50 trademark to identify its entertainment services and products in 2000.  Such use has been continuous and uninterrupted.  As such, EASTLAND is the owner of and has common law trademark rights in the mark 50-50.

10. EASTLAND began using the PHIFTY-50 trademark at least as early as December 2000 in connection with its entertainment services and products.  Such use has been continuous and uninterrupted.  As such, EASTLAND is the owner of and has common law trademark rights in the mark PHIFTY-50.

11. Eastland Music Group is the owner of U.S. Trademark Registration No. 2975624 for the mark PHIFTY-50 (the "PHIFTY-50 Registration"), attached hereto as Exhibit 1.  The PHIFTY-50 registration was duly and legally issued on July 26, 2005.  Affidavits have been filed pursuant to sections 8 and 15 of the Lanham Act, 15 U.S.C. § § 1058 and 1065, and this registration is incontestable.  The above common law 50-50 trademark and the trademark identified in the PHIFTY-50 Registration are referred to herein as the "Eastland Trademarks."

12. As the owner of all right, title and interest in the Eastland Trademarks, EASTLAND has standing to sue for infringement of the trademarks and may seek monetary damages, injunctions and other relief for past, current, and future infringement of the trademarks.

13. EASTLAND, through its wholly owned subsidiary, Phifty-50 Records, owns the domain name www.phifty-50.com (the "50-50 Website").

3

14. EASTLAND prominently uses and displays the 50-50 trademark on the home page of the 50-50 Website. A copy of the home page of the 50-50 Website is attached as Exhibit 2.

15. Visitors to the 50-50 Website are required to click on the 50-50 trademark to enter the website.

16. Within the 50-50 Website EASTLAND uses the Eastland Trademarks on and in connection with CDs featuring music and clothing. A copy of the "Store" page of the 50-50 Website is attached as Exhibit 3.

17. Within the 50-50 Website EASTLAND also uses the Eastland Trademarks in connection with audio and video content. A copy of the "Media" page of the 50-50 Website is attached as Exhibit 4.

18. EASTLAND uses the Eastland Trademarks on or in connection with CDs and DVDs featuring audio and video entertainment content. Digitally captured images of EASTLAND's CDs are attached as Exhibit 5.

19. Upon information and belief LIONSGATE is or intends to sell CDs and/or DVDs featuring audio and video entertainment content using the mark "50-50."

20. EASTLAND uses the Eastland Trademarks on or in connection with digital audio and video entertainment content sold via various media outlets on the Internet including Amazon.com and others. Digitally captured images of the Amazon.com website showing the EASTLAND audio content are attached as Exhibit 6.

21. Upon information and belief LIONSGATE is or intends to sell CDs and/or DVDs featuring audio and video entertainment content using the mark "50-50" through media outlets on the Internet including Amazon.com.

22. EASTLAND uses the Eastland Trademarks on or in connection with clothing. Digitally captured images of EASTLAND's clothing products are attached as Exhibit 7.

23. Upon information and belief LIONSGATE is or intends to sell clothing and other products featuring the mark "50-50."

24. EASTLAND uses the Eastland Trademarks on or in connection with promotional videos and music videos available on the Internet through various media outlets including You Tube. A copy of a You Tube webpage showing a promotional video for EASTLAND's music is attached as Exhibit 8.

25. LIONSGATE is using the mark "50-50" on or in connection with promotional videos for Mandate's movie, 50-50. Said videos are available on the Internet through various media outlets including You Tube. A copy of a You Tube webpage showing a promotional video for Mandate's movie, 50-50, is attached as Exhibit 9.

26. EASTLAND uses the Eastland Trademarks on or in connection with production and distribution of CDs and DVDs featuring audio and video entertainment content.

27. LIONSGATE is using the mark "50-50" on or in connection with the production and distribution of Mandate's movie, 50-50.

28. EASTLAND uses the Eastland Trademarks on or in connection with production and distribution of audio and video entertainment content via the Internet.

29. EASTLAND uses the Eastland Trademarks on or in connection with Production of audio and video entertainment content for use in the advertising and video game industries.

30. Due to EASTLAND's extensive advertising, promotion, and sales, the public recognizes the EASTLAND Trademarks and identifies EASTLAND as the source of products marked with

the 50-50 or PHIFTY-50 Trademarks. As a result, EASTLAND Trademarks have acquired extensive recognition and goodwill in the marketplace.

31. EASTLAND has spent and continues to spend substantial sums of money, time, and effort to develop, advertise, and promote the EASTLAND Trademarks and EASTLAND's products and services through, in part, advertising campaigns and its website.

32. Lionsgate is a nearly $2 billion global entertainment corporation with a presence in motion picture production and distribution, television programming and syndication, home entertainment, family entertainment, digital distribution and new channel platforms. A copy of Lionsgate's company overview, available on its website at investors.lionsgate.com, is attached as Exhibit 10.

33. Lionsgate's $600-million-a-year home entertainment business has 7% market share and the industry's highest box office-to-DVD conversion rate. See Exhibit 10.

34. Mandate Pictures is a wholly owned subsidiary of Lionsgate. Mandate Pictures is an independent film entertainment studio. A copy of Mandate Picture's company overview, available on its website at mandatepictures.com, is attached as Exhibit 11.

35. On or about September 30, 2011, Mandate pictures released a movie under the mark "50-50." Copies of the webpages for Mandate's movie, available on its website at mandatepictures.com, are attached as Exhibit 12.

36. The title of Mandate's movie, 50-50, is identical to EASTLAND's 50-50 Trademark.

37. The title of Mandate's movie, 50-50, is confusingly similar to EASTLAND's PHIFTY-50 Trademark

38. Summit Entertainment is a worldwide theatrical motion picture development, financing, production and distribution studio. A copy of Summit Entertainment's company overview, available on its website at summit-ent.com, is attached as Exhibit 13.

39. Summit Entertainment is the distributor of Mandate's movie, 50-50. A copy of Summit Entertainment's advertisement for Mandate's movie, 50-50, available on its website at summit-ent.com, is attached as Exhibit 14.

40. Upon information and belief, LIONSGATE intends to convert the 50-50 movie to DVD for further distribution and sale to consumers. Said DVDs will be marked with the 50-50 trademark.

41. Upon discovery that LIONSGATE was intending to use EASTLAND's 50-50 Trademark as a trademark on and in connection with a movie, CDs, DVDs, and other products, EASTLAND requested that LIONSGATE stop using EASTLAND's Trademark.

42. On September 16, 2011, EASTLAND sent a correspondence to LIONSGATE requesting that they cease and desist their intent to use EASTLAND's 50-50 Trademark. A copy of the September 16, 2011, correspondence is attached as Exhibit 15.

43. On September 28, 2011, EASTLAND sent a second correspondence to LIONSGATE requesting that they cease and desist their use of EASTLAND's 50-50 Trademark. A copy of the September 28, 2011, correspondence is attached as Exhibit 16.

44. LIONSGATE has refused to stop using EASTLAND's Trademark.

45. LIONSGATE is using the EASTLAND Trademark without EASTLAND's consent.

46. Subsequent to EASTLAND's first use of the EASTLAND Trademarks, LIONSGATE began using EASTLAND's 50-50 Trademark on and in connection with a movie.

47. On information and belief, LIONSGATE knew of the EASTLAND Trademarks and EASTLAND's hard-earned goodwill at all times prior to LIONSGATE's unauthorized adoption, promotion, and use of the EASTLAND Trademark.

48. Confusion has resulted and will be likely to continue to result from LIONSGATE's conduct unless enjoined by this Court.

49. LIONSGATE has continued to use the EASTLAND Trademark despite being on notice of EASTLAND's trademark rights and requests that LIONSGATE cease their use the EASTLAND Trademark.

50. EASTLAND has been and will continue to be seriously and irreparably injured unless LIONSGATE's conduct is enjoined by this Court.

51. LIONSGATE's use of the EASTLAND Trademark is likely to cause confusion or to cause mistake, or to deceive, and constitutes infringement of the EASTLAND Trademarks and EASTLAND's Trademark Registration.

52. LIONSGATE's use of the EASTLAND Trademark, despite being on notice of EASTLAND's trademark rights and EASTLAND's requests that they cease their use of the EASTLAND Trademark, constitutes willful infringement of the EASTLAND Trademarks and EASTLAND's Trademark Registration.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

53. EASTLAND reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 52 as if fully set forth herein.

54. EASTLAND is the exclusive owner and user of the valid and subsisting, federally registered trademark identified in the PHIFTY-50 Registration and the good will attendant therewith.

55. LIONSGATE's use in interstate commerce of the mark "50-50" in connection with the promotion, advertisement, distribution, and sales of its products is likely to cause confusion, mistake and/or deceive the public in violation of 15 U.S.C. § 1114.

56. As a direct and proximate result of the foregoing acts of infringement, EASTLAND has been and will continue to be actually damaged. In addition, EASTLAND has been and will continue to be irreparably harmed by diminished good will and reputation, and the diminished capacity of its mark to act as a single source identifier.

57. LIONSGATE's intentional and willful infringement of the PHIFTY-50 Registration, and disregard of EASTLAND's rights, renders this case an exceptional case pursuant to 15 U.S.C. § 1117(a).

58. EASTLAND has no adequate remedy at law, because the trademark identified in the PHIFTY-50 Registration represent to the public EASTLAND's identity, reputation and good will and the source of its goods and services. Money damages alone cannot fully compensate EASTLAND for the harm occasioned by LIONSGATE's misconduct.

59. Unless enjoined by the Court, LIONSGATEs will continue to use and infringe the mark to EASTLAND's irreparable injury.

WHEREFORE, EASTLAND prays for entry of judgment in its favor and against LIONSGATEs as follows:

A. Enter a permanent injunction restraining and enjoining LIONSGATEs and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with LIONSGATEs, from

    1) Selling, marketing, advertising, importing or purchasing products under the trademark identified in the PHIFTY-50 Registration or trademarks confusingly

similar to the trademark identified in the PHIFTY-50 Registration including, but not limited to, the mark "50-50";

2) Unfairly competing with EASTLAND; and

3) Causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of their products or as to any affiliation, connection, or association of them with or approval by EASTLAND, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to EASTLAND.

B. An Order, under 15 U.S.C. §§ 1116 and 1118, requiring LIONSGATE (including their employees and agents) to deliver to EASTLAND or requiring destroyed, all products of LIONSGATE to which the mark "50-50" is affixed and all promotional and packaging materials related to LIONSGATE's infringing products;

C. An Order, pursuant to 15 U.S.C. § 1116, requiring LIONSGATE to file with this Court and serve upon EASTLAND within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which LIONSGATE has complied with the above two subparagraphs (A and B) of this prayer;

D. An award to EASTLAND, under 15 U.S.C. § 1117, of all profits received by LIONSGATE from the sales and revenues of any kind made as a result of LIONSGATE's sales of its infringing products, damages, to be determined, that EASTLAND have suffered as a result of LIONSGATE's conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation and find this case to be an

exceptional case and therefore grant EASTLAND their attorneys' fees in pursuing this litigation; and

E. Grant EASTLAND such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II – FEDERAL UNFAIR COMPETITION

60. EASTLAND reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 59 as if fully set forth herein.

61. LIONSGATE intentionally and willfully adopted and is using, in interstate commerce in connection with the advertising, promotion, and sale of their products, a similar mark that is intended by LIONSGATE to be substantially similar to, and a colorable imitation of, if not identical to, the EASTLAND Trademarks.

62. LIONSGATE's unlawful adoption and use, in interstate commerce, of the EASTLAND Trademarks without authorization of EASTLAND is likely to cause confusion, to cause mistake and/or to deceive.

63. Through the promotion, advertising, and sale of products with such confusingly similar marks, LIONSGATE has unlawfully simulated, appropriated, and infringed EASTLAND's rights and its trademarks. Such conduct and appropriation constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

64. LIONSGATE's conduct has injured and will injure EASTLAND by diversion of EASTLAND's goodwill and sales to LIONSGATE, and by diminishing and destroying EASTLAND's goodwill and reputation. EASTLAND seeks damages in such sum as may be proved at trial. Further, EASTLAND has been and continues to be irreparably harmed by LIONSGATE's wrongful conduct.

WHEREFORE, EASTLAND prays for entry of judgment in its favor and against LIONSGATE as follows:

A. Enter a permanent injunction restraining and enjoining LIONSGATE and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with LIONSGATE, from:

    1) Selling, marketing, advertising, importing or purchasing products marked with the EASTLAND Trademarks or similar trademarks;

    2) Unfairly competing with EASTLAND; and

    3) Causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of their products or as to any affiliation, connection, or association of them with or approval by EASTLAND, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to EASTLAND.

B. An Order, under 15 U.S.C. §§ 1116 and 1118, requiring LIONSGATE (including its employees and agents) to deliver to EASTLAND or requiring destroyed, all products of LIONSGATE to which the EASTLAND Trademarks or similar trademarks are affixed and all promotional and packaging materials related to LIONSGATE's products;

C. An Order, pursuant to 15 U.S.C. § 1116, requiring LIONSGATE to file with this Court and serve upon EASTLAND within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which LIONSGATE has complied with the above two subparagraphs (A and B) of this prayer;

D. An award to EASTLAND, under 15 U.S.C. § 1117, of all profits received by LIONSGATE from the sales and revenues of any kind made as a result of

LIONSGATE's sales of its products marked with EASTLAND Trademarks or similar trademarks, damages, to be determined, that EASTLAND has suffered as a result of LIONSGATE's conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation and find this case to be an exceptional case and therefore grant EASTLAND its attorneys' fees in pursuing this litigation; and

E. Grant EASTLAND such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

65. EASTLAND reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 64 as if fully set forth herein.

66. LIONSGATE's knowing and willful copying and colorable imitation of the EASTLAND Trademarks is intended by LIONSGATE to allow them to free-ride on EASTLAND's substantial investment in its marks and the hard earned goodwill and excellent reputation of EASTLAND Products.

67. LIONSGATE's knowing and continued sales of their products to unsuspecting Illinois consumers has created a substantial likelihood of confusion and caused mistake and deception in Illinois consumers' minds.

68. The above-described knowing and willful conduct constitutes deceptive trade practices within the meaning of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

69. As a result of LIONSGATE's continued sales of its products, EASTLAND has suffered and will continue to suffer irreparable harm to its goodwill and reputation with its consumers, who confuse the LIONSGATE products for EASTLAND's products.

70. EASTLAND has no adequate remedy at law for the immediate and continuing harm.

WHEREFORE, EASTLAND prays for entry of judgment in its favor and against LIONSGATE as follows:

A. Enter a permanent injunction restraining and enjoining LIONSGATE and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with LIONSGATE, from

1) Selling, marketing, advertising, importing or purchasing products marked with the EASTLAND Trademarks or a similar trademark;

2) Unfairly competing with EASTLAND; and

3) Causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of their products or as to any affiliation, connection, or association of them with or approval by EASTLAND, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to EASTLAND.

B. An Order requiring LIONSGATE to file with this Court and serve upon EASTLAND within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which LIONSGATE has complied with the above subparagraph (A) of this prayer;

C. An award to EASTLAND for its costs and attorneys' fees for this litigation; and

D. Grant EASTLAND such other and further relief as the Court may deem just, proper and equitable under the circumstances.

### COUNT V – ILLINOIS COMMON LAW – UNFAIR COMPETITION

71. EASTLAND reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 70 as if fully set forth herein.

72. For many years, EASTLAND has expended substantial sums of money creating, advertising, promoting, establishing, and supporting its EASTLAND Trademarks with its customers in Illinois, as well as in the United States.

73. As a result of EASTLAND's substantial investment and hard work over the years, as well as EASTLAND's commitment to quality, excellence, and customer service, EASTLAND has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate EASTLAND with its trademarks.

74. LIONSGATE is aware of the above facts, and has sought to wrongfully capitalize on EASTLAND's fine reputation and goodwill by advertising, promoting and selling their products under the EASTLAND Trademarks. As a result of LIONSGATE's wrongful conduct, LIONSGATE is able to free-ride off of EASTLAND's substantial investment and hard-work by causing confusion among consumers in the marketplace and attempting to identify or associate the LIONSGATE's products with EASTLAND products and/or confuse consumers that this is the case. Separate and apart from causing confusion, LIONSGATE's wrongful conduct also involves their ability to free-ride off of EASTLAND's products and the substantial investment and effort that EASTLAND has put into developing the same.

75. EASTLAND has been, is, and will continue to be damaged by LIONSGATE's actions and EASTLAND does not have an adequate remedy at law. LIONSGATE's actions have

damaged, and will continue to damage, EASTLAND's business, market, reputation, and goodwill.

WHEREFORE, EASTLAND prays for entry of judgment in its favor and against LIONSGATE as follows:

A. Enter a permanent injunction restraining and enjoining LIONSGATE and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with LIONSGATE, from

    1) Selling, marketing, advertising, importing or purchasing products marked with the EASTLAND Trademarks or similar trademarks;

    2) Unfairly competing with EASTLAND; and

    3) Causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of their products or as to any affiliation, connection, or association of them with or approval by EASTLAND, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to EASTLAND.

B. An Order requiring LIONSGATE to file with this Court and serve upon EASTLAND within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which LIONSGATE has complied with the above subparagraph (A) of this prayer;

C. An award to EASTLAND of all profits received by LIONSGATE from the sales and revenues of any kind made as a result of LIONSGATE's sales of product marked with the EASTLAND Trademarks or similar trademarks, damages, to be determined,

that EASTLAND has suffered as a result of LIONSGATE's conduct, and the costs of this litigation; and

D.  Grant EASTLAND such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT VI – VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT – 815 ILCS 505 et seq.

76. EASTLAND reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 75 as if fully set forth herein.

77. In violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, LIONSGATE has engaged in at least the following unfair and/or deceptive acts or practices:

a.  By its use of the EASTLAND trademarks, LIONSGATE has confused consumers as to the origins of the LIONSGATE's products and falsely attempted to represent that LIONSGATE has some relation to EASTLAND; and

b.  Other false statements and misrepresentations, concealments, suppressions or omissions according to proof.

78. LIONSGATE intended for consumers to suffer confusion and to misrepresent the source of the LIONSGATE's products.

79. LIONSGATE's unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

80. Through its unfair and deceptive acts and practices, LIONSGATE has deceived and harmed EASTLAND and Illinois consumers.

WHEREFORE, EASTLAND prays for entry of judgment in its favor and against LIONSGATE as follows:

A.  Enter a permanent injunction restraining and enjoining LIONSGATE and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with LIONSGATE, from

    1)  Selling, marketing, advertising, importing or purchasing products marked with the EASTLAND Trademarks or similar trademarks;

    2)  Unfairly competing with EASTLAND; and

    3)  Causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of their products or as to any affiliation, connection, or association of them with or approval by EASTLAND, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to EASTLAND.

B.  An Order requiring LIONSGATE to file with this Court and serve upon EASTLAND within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which LIONSGATE has complied with the above subparagraph (A) of this prayer;

C.  An award to EASTLAND of all profits received by LIONSGATE from the sales and revenues of any kind made as a result of LIONSGATE's sales of product marked with the EASTLAND Trademarks or similar trademarks, damages, to be determined, that EASTLAND has suffered as a result of LIONSGATE's conduct, and the costs of this litigation;

D.  An award to EASTLAND for its costs and attorneys' fees for this litigation; and

E.  Grant EASTLAND such other and further relief as the Court may deem just, proper and equitable under the circumstances.

18

## COUNT VII – UNJUST ENRICHMENT

81. EASTLAND reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 80 as if fully set forth herein.

82. For many years, EASTLAND has expended substantial sums of money creating, advertising, promoting, establishing, and supporting its EASTLAND Trademarks with its customers, in Illinois and the United States. As a result of EASTLAND's substantial investment and hard work over the years, as well as EASTLAND's commitment to quality, excellence, and customer service, EASTLAND has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate EASTLAND with its trademarks.

83. LIONSGATE is aware of the above facts, and have sought to wrongfully capitalize on EASTLAND's fine reputation and goodwill by advertising, promoting and selling their products under the EASTLAND Trademarks and similar trademarks. As a result of LIONSGATE's wrongful conduct, LIONSGATE is able to free-ride off of EASTLAND's substantial investment and hard-work by causing confusion among consumers in the marketplace and attempting to identify or associate their products with EASTLAND Product and/or confuse consumers that this is the case.

84. LIONSGATE has unjustly received the benefit of EASTLAND's substantial investment in its EASTLAND Products and its hard-earned goodwill and fine reputation.

85. LIONSGATE has been unjustly enriched.

86. It would violate the principles of justice, equity, and good conscience for LIONSGATE to retain this benefit.

87. To avoid an unjust enrichment, EASTLAND should be awarded damages reflecting LIONSGATE's enrichment, among other relief.

WHEREFORE, EASTLAND prays for entry of judgment in its favor and against LIONSGATE as follows:

A. Enter a permanent injunction restraining and enjoining LIONSGATE and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with LIONSGATE, from

    1) Selling, marketing, advertising, importing or purchasing products marked with the EASTLAND Trademarks or similar trademarks;

    2) Unfairly competing with EASTLAND; and

    3) Causing a likelihood of confusion or misunderstanding as to source sponsorship, approval, or certification of their products or as to any affiliation, connection, or association of them with or approval by EASTLAND, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to EASTLAND.

B. An Order requiring LIONSGATE to file with this Court and serve upon EASTLAND within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which LIONSGATE has complied with the above subparagraph (A) of this prayer;

C. An award to EASTLAND of all profits received by LIONSGATE from the sales and revenues of any kind made as a result of LIONSGATE's sales of product marked with the EASTLAND Trademarks or similar trademarks, damages, to be determined, that EASTLAND has suffered as a result of LIONSGATE's conduct, and the costs of this litigation; and

D.  Grant EASTLAND such other and further relief as the Court may deem just, proper and

equitable under the circumstances.

## JURY TRIAL DEMAND

88. EASTLAND hereby demands a trial by jury on all issues so triable.


Dated:  November 17, 2011               Respectfully submitted,

/s/ Ronald A DiCerbo

Ronald A. DiCerbo
Hopeton Walker
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Office:  (312) 775-8000
Fax:  (312) 775-8100
Email:   rdicerbo@mcandrews-ip.com

*Attorneys for Plaintiffs,*
EASTLAND MUSIC GROUP, LLC
and RAYNARLDO WHITTY