IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EASTLAND MUSIC GROUP, LLC and RAYNARLDO WHITTY, ) ) ) | |
| Plaintiffs, ) | Case No. 11 C 8224 |
| v. ) | Hon. George W. Lindberg |
| ) | |
| LIONSGATE ENTERTAINMENT, INC., SUMMIT ENTERTAINMENT, LLC, and MANDATE PICTURES, LLC, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth more fully below, plaintiff Raynarldo Whitty's claims are dismissed for lack of standing; Counts I and II of the complaint are dismissed as to plaintiff Eastland Music Group, LLC for failure to state a claim; and the Court declines to exercise its supplemental jurisdiction over the remaining state law claims.

*I. Relevant Facts*

Plaintiffs Eastland Music Group, LLC ("Eastland") and Raynarldo Whitty ("Whitty") (collectively "plaintiffs") filed suit against defendants Lionsgate Entertainment, Inc., Summit Entertainment, LLC, and Mandate Pictures, LLC (collectively "defendants") alleging federal claims for trademark infringement (Count I) and unfair competition (Count II) under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and state law claims for a violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV), unfair competition (Count V), a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count VI), and unjust

enrichment (Count VII). The complaint does not include a Count III. Plaintiffs seek both injunctive and monetary relief.

According to the complaint, Whitty is the manager of Eastland. Plaintiffs claim that Eastland is an "entertainment business," but the complaint does not explicitly define Eastland's business. Eastland is the owner of Trademark Registration No. 2975624 for the trademark ('mark") PHIFTY-50. Eastland registered that mark on July 26, 2005 and, according to the Trademark Principal Register, the mark is for "electrical apparatus, namely, series of pre-recorded phonograph records, compact disc, audio and video cassettes and dvds featuring music, in Class 9." Trademark International Class 9 includes electrical and scientific apparatus. That class encompasses, among other things, software, CDs, DVDs, audiocassettes, records, and devices that play music. The first use of Eastland's mark was November 21, 2000. According to Eastland, the mark has been in continuous and uninterrupted use since December 2000. Plaintiffs also claim to have common law trademark rights to the trademark "50-50."

In support of their federal claims, plaintiffs allege that defendants' movie entitled "50/50" and the use of the term "50/50" is connection with the promotion, advertisement, distribution and sales of the movie likely caused confusion and mistake with Eastland's PHIFTY-50 mark, and damaged Eastland. The premise of defendants' movie entitled "50/50" deals with a cancer patient whose doctors gave him a 50/50 chance of survival.

## II. Legal Analysis

In ruling on a Rule 12(b)(6) motion to dismiss, the court treats all well-pleaded allegations as true, and draws all reasonable factual inferences in plaintiffs' favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). The Court can consider the allegations in the

complaint and material that is incorporated by reference therein. *See Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Under Rule 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.E.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 929 (2009). Determining whether a complaint states a plausible claim for relief will require "the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

Generally, when documents are attached to a motion to dismiss, "the motion shall be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(b). However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Because defendants' movie is referred to in plaintiffs' complaint and is central to all of plaintiffs' claims, the Court will consider the movie and its packaging in deciding the motion to dismiss.

*A. Standing*

As an initial matter, the Court turns to whether plaintiff Whitty has standing to assert the federal claims alleged in the complaint. According to the complaint, Whitty is "the manager of Eastland Music Group." *Compl*. at ¶3. However, the complaint does not allege that Whitty owns or is the registrant or assignee of the "PHIFTY-50" mark at issue in Counts I and II of the

complaint. In their response brief to defendants' motion to dismiss, plaintiffs do not address this standing issue. Accordingly, the Court finds that Whitty does not have standing to assert the claims in Counts I and II of the complaint. *See Dynamic Fluid Control Ltd v. International Valve Mfg., LLC*, 790 F.Supp.2d 732, 737 (N.D. Ill. 2011). Therefore, Whitty's claims in Counts I and II of the complaint are dismissed for lack of standing.

### B. Eastland's Federal Claims

Next, the Court turns to whether Eastland has alleged valid federal trademark infringement and unfair competition claims in Counts I and II of the complaint. Defendants argue that Eastland's federal claims are barred by applicable First Amendment protections. Eastland contends that resolution of affirmative defenses, including First Amendment protections, are premature and not appropriate when deciding a Rule 12(b) motion to dismiss.

Defendants concede that "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). A "[c]omplaint need not contain *any* information about defenses and may not be dismissed for that omission." *Id*. (emphasis in the original). Nevertheless, a plaintiff can plead itself out of court when it "admits all the ingredients of an impenetrable defense." *Id*. Under those circumstances, it is appropriate to dismiss an otherwise valid claim under Rule 12(b)(6). *Id*. Further, providing the Court with the trade dress at issue in a Rule 12(b)(6) motion, in this case the disputed movie, "may serve the beneficial purpose of avoiding prolonged litigation that is destined, as a matter of law, not to succeed." *Woodard v. Jackson, et al*., 03 C 844, 2004 WL 771244 at *8 (S.D. Ind. Mar. 25, 2004).

In order to state a claim for federal trademark infringement, Eastland must plausibly allege "that its mark is protected under the Lanham Act," and "that the challenged mark is likely to cause confusion among consumers." *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000). In order to state a claim for unfair competition under 15 U.S.C. § 1125(a), Eastland must plausibly allege that defendants' use of "50/50" in the title of its movie is likely to cause confusion or mistake or deception as to the origin of the movie. *See* 15 U.S.C. § 1125(a).

Defendants assert and plaintiffs do not dispute that resolution of defendants' First Amendment defense to Counts I and II is controlled by the test articulated in *Rogers v. Grimaldi*, 875 F.2d 994 (2nd Cir. 1989). The Seventh Circuit has not spoken on the propriety of this test. *See Dillenger v. Electronic Arts, Inc.*, 09 C 1236, 2011 WL 2457678 at *4 fn. 1 (S.D. Ind. June 16, 2011). Nevertheless, "[c]onsistent with the longstanding principle of party presentation, *see Greenlaw v. United States*, 554 U.S. 237, 243-44, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008), the Court will accept the parties' position as to *Rogers* application, and assume that *Rogers* controls without definitely deciding the question." *Id*.

Under the *Rogers* test, "with respect to *titles* of artistic works, the title must be explicitly misleading and devoid of any artistic relevance to the work in order for the Lanham Act to bar its use." *Woodard v. Jackson, et al*., 03 C 844, 2004 WL 771244 at *7 (S.D. Ind. Mar. 25, 2004) (emphasis in the original). After reviewing the disputed movie and its packaging, there is no question that the "50/50" title has some artistic relevance to the content of the movie. Within the first 12 minutes of the movie, the co-star Adam, played by Joseph Gordon-Levitt, states that he has a 50/50 chance of survival after being diagnosed with a rare form of spinal cancer. The remainder of the movie revolves around whether Adam will survive his 50/50 diagnosis.

5

Additionally, as a matter of law, the 50/50 title is not explicitly misleading as to the source or content of the work. The movie and packaging make clear that 50/50 refers to the survival odds related to the character Adams' cancer diagnosis, and Eastland has not plausibly pled any possibility of confusion between the movie and Eastland's muscial group, or Eastland's music related business use of the mark "PHIFTY-50." Accordingly, because Eastland cannot plausibly plead that defendants' use of "50/50"as the title of their movie violates the Lanham Act, defendants' Rule 12(b)(6) motion is granted as to Eastland's claims in Counts I and II of the complaint.

### C. Remaining State Law Claims

The remaining state law claims are dismiss because the Court declines to exercise its supplemental jurisdiction over those claims. "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012).

### D. Attorneys' Fees

Finally, the Court declines to exercise its discretion to award attorneys fees to defendants as the prevailing party under 15 U.S.C. § 1117(a).

### III. Conclusion

In conclusion, defendants' motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) is granted in part and denied in part. Plaintiff Raynarldo Whitty's claims in Counts I and II of the complaint are dismissed for lack of standing. Plaintiff Eastland's claims in Counts I and II of the complaint are dismissed pursuant to Rule 12(b)(6) for failure to state a claim. The

Court declines to exercise its supplemental jurisdiction over the remaining state law claims and declines to exercise its discretion to award attorneys fees under 15 U.S.C. § 1117(a).

**ORDERED**: Defendants' motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) [19] is granted in part and denied in part. Plaintiff Raynarldo Whitty's claims in Counts I and II of the complaint are dismissed for lack of standing. Plaintiff Eastland's claims in Counts I and II of the complaint are dismissed pursuant to Rule 12(b)(6) for failure to state a claim. The Court declines to exercise its supplemental jurisdiction over the remaining state law claims and this civil case is terminated.

**ENTERED**: _/s/ George W. Lindberg_
George W. Lindberg
Senior U.S. District Court Judge

Dated: July 19, 2012